UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
PAUL LANG,

                Plaintiff,                                **MEMORANDUM AND ORDER**

                                                        22-cv-02784 (JMW)

       -against-

WALMART, INC.,

                Defendant.
----------------------------------------------------------------X

**A P P E A R A N C E S:**

    Jose Antonio Soriano
    Russell T. McHugh
    **Law Offices of Michael S. Lamonsoff, PLLC**
    32 Old Slip, 8th Floor
    New York, NY 10005
    *Attorneys for Plaintiff*

    Patricia A. O'Connor
    Thomas M. O'Connor
    **O'Connor & O'Connor, Esqs.**
    7 Bayview Avenue
    Northport, NY 11768
    *Attorneys for Defendant*

    **WICKS,** Magistrate Judge:

> *[It is a] basic proposition that all orders and judgments of courts must be complied with promptly. * * * Persons who make private determinations of the law and refuse to obey an order generally risk criminal contempt even if the order is ultimately ruled incorrect. The orderly and expeditious administration of justice by the courts requires that an order issued by a court with jurisdiction over the subject matter and person must be obeyed by the parties until it is reversed by orderly and proper proceedings.*[1]

---

[1] *State of N.Y. v. Trump*, No. 25-cv-39-JJM-PAS (D.R.I. Feb. 10, 2025), quoting *Maness v. Meyers*, 419 U.S. 449, 458–59 (1975).

1

Plaintiff Paul Lang ("Plaintiff") commenced this action seeking recovery for personal injuries allegedly suffered due to a slip and fall on Defendant Walmart, Inc.'s ("Defendant") premises on March 17, 2019. (*See generally* ECF Nos. 4, 11.) The parties are before the Court on Plaintiff's Motion for an Order to Show Cause seeking to hold nonparty Michael Scott ("Scott") in contempt for his failure to comply with four deposition subpoenas, and further requesting that the Court issue a warrant to the United States Marshal Service to bring Scott this Court until he has given his testimony. (ECF No. 41.)

For the reasons stated herein, and in accordance with 28 U.S.C. § 636(e), the Court **GRANTS** Plaintiff's motion for contempt (ECF No. 42), but **DENIES** Plaintiff's request that this Court issue a warrant surrendering Scott to court until he provides his testimony.

## I.   BACKGROUND

Plaintiff commenced this personal injury action following his slip and fall on an allegedly dangerous cardboard sign on the floor of Defendant's store on March 17, 2019. (ECF No. 11-1 at ¶ 19.) As a result of the accident, Plaintiff asserts he sustained "physical pain and mental anguish," noting that some of his injuries "will be of permanent nature" and will lead to future inabilities to perform daily functions. (*Id.* at ¶ 25.) Plaintiff originally brought his lawsuit on September 21, 2021 in the New York State Supreme Court, Suffolk County (ECF No. 11 at ¶ 1), which Defendant timely removed to this Court on May 12, 2022 on diversity jurisdiction grounds.[2] (*Id.* at ¶¶ 3-6.)

Following an Initial Conference before the undersigned on July 19, 2022 (ECF No. 16), a discovery schedule was implemented. (ECF No. 17.) To date, Plaintiff's deposition has been taken (ECF No. 19), IMEs have been conducted (ECF Nos. 18, 19), fact discovery concluded on

---

[2] Defendant is a citizen of Delaware and Arkansas (ECF No. 11 at ¶ 4), whereas Plaintiff is a citizen of New York. (ECF No. 11 at ¶ 5.)

July 19, 2024, and the close of all expert discovery was October 4, 2024. (ECF No. 33.) The deadline for fact discovery was extended solely to permit Plaintiff's counsel to continue its efforts to serve Scott with a deposition subpoena. (*See* Electronic Orders dated July 3, 2024 and October 10, 2024; *see also* ECF No. 36.)

Indeed, Plaintiff first raised, on January 30, 2024, that Scott had been subpoenaed to appear for a deposition but failed to appear. (ECF No. 29.) Plaintiff noted that Scott, as a former employee and manager of Defendant on the date of Plaintiff's injury, is a key witness in this action because he "possesses knowledge and information" of the installation of the cardboard sign Plaintiff supposedly slipped on. (*Id.*) As such, Plaintiff requested that the Court "so-order" a subpoena to have Scott appear for a deposition. (*Id.*) In denying this request, the undersigned determined that:

> Rule 45 of the Federal Rules of Civil Procedure provides that an attorney, as an officer of the court, may issue a subpoena on behalf of a court in which the attorney is authorized to practice, or for a court in a district in which a document production is compelled by the subpoena. Fed. R. Civ. P. 45(a)(3). Valid attorney-issued subpoenas under Rule 45(a)(3) "operate as enforceable mandates of the court on whose behalf they are served." *Rand v. Am. Ins. Co.*, No. 11-CV-3040, 2012 WL 628321, at *1 (E.D.N.Y. Feb. 27, 2012). So-ordering a subpoena creates no additional obligation beyond that which already exists by virtue of an attorney signing it. To obtain relief for noncompliance, the appropriate avenue for relief is to move to compel.

Electronic Order dated February 1, 2024.

Following this ruling, Plaintiff served a subpoena upon Scott for his appearance at a deposition scheduled for February 29, 2024, which Scott never appeared for. (ECF No. 41-6.) John Russo, Plaintiff's process server, served the subpoena upon Annalisa Henry, Scott's wife, at 217 Swezey Lane, Middle Island, New York 11953, Scott's home address. (ECF No. 41-6 at p. 3.) Annalisa told Russo she would give the copy of the subpoena to Scott. (ECF No. 37 at p. 3.) Then, on July 2, 2024, Defendant submitted a joint letter flagging that Scott was subpoenaed to

3

appear for a deposition on June 19, 2024,[3] again failing to appear or contact either party. (ECF No. 36.) Defendant, therefore, requested permission "to file a motion for contempt or in the alternative that the court so order a subpoena for him to appear and testify." (*Id*.) The following day, the undersigned granted this request and directed the parties to either file a motion for contempt against Scott or file a subpoena for the undersigned to "so-order." (Electronic Order dated July 3, 2024.)

Despite service of these subpoenas as described above, Scott failed to appear and/or contact the parties to coordinate his deposition or explain his nonappearance. Consequently, Plaintiff requested that it be permitted to serve Scott via alternative means,[4] namely "by mailing a copy of the subpoenas to his last known address, attaching a copy of the subpoenas to the door of his last known address, and/or on an adult of suitable age and discretion at his last known address." (ECF No. 37.) Defendant did not oppose (ECF No. 38) and the undersigned granted Plaintiff's request on August 5, 2024. Importantly, the undersigned noted that Scott is a "critical witness to the events at issue" considering he was depicted on the surveillance videos on the day of the incident. (Electronic Order dated August 5, 2024.) Therefore, his failure to appear at the depositions or contact Plaintiff's counsel "though the subpoenas were served upon various residents of Scott's home address" warranted service via all three alternative means. (*Id.*)

On July 30, 2024, the undersigned "so-ordered" Plaintiff's subpoena requiring Scott to appear for a deposition on September 3, 2024. (ECF No. 39.) The subpoena, however, was not

---

[3] John Russo served a copy of this subpoena to Sincere Hawkins, a person of suitable age and discretion residing at Scott's home address. (ECF No. 41-7 at p. 3; ECF No. 37.)

[4] In his letter requesting alternative service, Plaintiff indicates that he tried serving Scott with a subpoena on December 22, 2023 commanding his appearance at a January 9, 2024 deposition. (ECF No. 37 at p. 2.) Plaintiff, however, does not submit documented proof of this service attempt.

served upon Scott since the process server "was told to leave property and that Michael Scott does not live there."[5] (ECF No. 41-8 at p. 2 (affidavit of non-service)). Finally, on September 13, 2024, Plaintiff's process server served a subpoena demanding that Scott appear for a deposition on September 27, 2024 by not only affixing the subpoena to the door of Scott's home, but also by delivering a copy of the subpoena to Lisa Henry at this same address. (ECF No. 41-9.) Once again, Scott neither appeared for this deposition, nor did he contact the parties.

The parties are before the Court on Plaintiff's motion seeking to hold Scott in contempt for his failure to comply with any of these subpoenas. (*See* ECF No. 41.) Additionally, Plaintiff requests that this Court issue a warrant to the United States Marshal Service to bring Scott to court until he has given his deposition testimony. (*Id.*) A copy of Plaintiff's Order to Show Cause, Affirmation in Support, and Exhibits (ECF Nos. 41-42) were served upon Scott on February 20, 2025 by overnight mailing the documents to his last known address, 217 Sweezy Lane, Middle Island, New York 11953. (ECF No. 45.) Scott failed to appear for the in-person Show Cause Hearing held before the undersigned on February 27, 2025 at 10:00AM. (*See* Electronic Order dated February 17, 2025; ECF No. 46.)

## II.   DISCUSSION

### i.   *Standard for Civil Contempt*

Under Federal Rule of Civil Procedure 45(g), the Court "may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." Fed. R. Civ. P. 45(g). Rule 45 applies to non-parties. *Gov't Emps. Ins. Co. v. N. Med. Care, P.C.*, No. 20 CV 1214 (FB) (LB), 2021 WL 7906537, at *1 (E.D.N.Y. Nov. 3, 2021),

---

[5] The process server attempted to serve Scott at his home address, yet was told Scott did not live there. ECF No. 41-8 at p. 2.)

*report and recommendation adopted sub nom. Gov't Emp. Ins. Co. v. N. Med. Care, P.C.*, No. 1:20-CV-01214 (FB) (LB), 2021 WL 7906536 (E.D.N.Y. Dec. 29, 2021). Indeed, the court has the power to hold a non-party in contempt simply based on the failure to comply with a subpoena. *Hunter TBA, Inc. v. Triple V Sales*, 250 F.R.D. 116, 117 (E.D.N.Y. 2008).

"There are three essential elements which must be established before a party can be held in civil contempt: 1) there must be an order that is clear and unambiguous; 2) the proof of non-compliance with that order must be clear and convincing; and 3) it must be shown that the contemnor has not been reasonably diligent and energetic in attempting to accomplish what was ordered." *Schmidt v. Stone*, No. 14-CV-2519(RJD)(CLP), 2019 WL 3253953, at *5 (E.D.N.Y. July 18, 2019) (internal quotations and citations omitted). Due process requires that a person receive notice and an opportunity to be heard before imposing sanctions for civil contempt. *Sanchez v. Pathmark stores*, 04 Civ. 1159, 2009 WL 398103, at *1 (S.D.N.Y. Feb. 17, 2009).

    **ii.**    ***A Prima Facie Case for Civil Contempt Has Been Established Against Scott***

*First*, these subpoenas are clear and unambiguous court orders. On February 6, 2024, Plaintiff's counsel issued a subpoena to Scott ordering him to appear for a deposition on February 29, 2024. (ECF No. 41-2, Soriano Aff. ¶ 6; *see* ECF No. 41-6.) On May 22, 2024, Plaintiff's counsel issued a second subpoena to Scott ordering him to appear for a deposition scheduled for June 19, 2024. (ECF No. 41-2, Soriano Aff. ¶ 7; *see* ECF No. 41-7.) On July 30, 2024, this Court so-ordered a subpoena for Scott to appear for a deposition on September 3, 2024. (ECF No. 41-2, Soriano Aff. ¶ 8; *see* ECF No. 41-8.) Lastly, on September 13, 2024, Plaintiff's counsel issued a subpoena for Scott to appear for a deposition scheduled for September 27, 2024. (ECF No. 41-2, Soriano Aff. ¶ 9; *see* ECF No. 41-9.) Accordingly, the first element of civil contempt has been established. *See Rand v. American Ins. Co.*, No. 11-CV-3040

(CBA) (MDG), 2012 WL 628321, at *1 (E.D.N.Y. Feb. 27, 2012) (finding that valid attorney-issues subpoenas operate as enforceable mandates of the court on whose behalf they are served and may form the basis for contempt of court); *see also Gov't Employees Ins. Co. v. Northern Medical Care, P.C.*, No. 20 CV 1214 (FB) (LB), 2021 WL 7906537, at *2 (E.D.N.Y. Nov. 3, 2021) (noting a so-ordered subpoena constitutes a clear and unambiguous order).

*Second*, there is no doubt that Scott utterly failed to comply with these subpoenas. Scott evaded all attempts to comply by failing to object to, or appear for, his scheduled depositions. The subpoenas clearly advised Scott that his appearance was required for a deposition at a named date, time, and location—specifically to be taken remotely via Zoom. (*See* ECF Nos. 41-6 at p. 1; 41-7 at p. 1; 41-8 at p. 1; 41-9 at p. 1.) Further, each subpoena warns, on their face, that pursuant to Rule 45 (e) and (g), there are consequences of not responding to the subpoena. (*See* ECF Nos. 41-6 at p. 1; 41-7 at p. 1; 41-8 at p. 1; 41-9 at p. 1.)

Moreover, with the exception of the so-ordered subpoena, the affidavits of service demonstrate that Scott was properly served, including through alternative means as permitted by the undersigned. Notably, although Federal Rule of Civil Procedure 45 states that serving a subpoena "requires delivering a copy to the named person," courts recognize that "the language of Rule 45 does not explicitly demand personal service of a subpoena . . . .". *Cordius Trust v. Kummerfeld*, No. 99 Civ. 3200 (DLC), 2000 WL 10268, at *2 (S.D.N.Y. Jan. 3, 2000) (quoting *King v. Crown Plastering Corp.*, 170 F.R.D. 355, 356 (E.D.N.Y. 1997)). As such, serving a subpoena "to a person of suitable age and discretion at [the subpoenaed party's] residence" constitutes adequate service. *Ramchandani v. CitiBank National Association*, 616 F. Supp. 3d 353, 357 (S.D.N.Y. 2022). The same holds true for serving a subpoena through alternative means. *See JP Morgan Chase Bank, N.A. v. IDW Group, LLC*, No. 09 Civ. 9116 (PGG), 2009

WL 1313259, at *3 (S.D.N.Y. May 11, 2009) (permitting alternative service of a subpoena via mail and by leaving a copy with a person of suitable age and discretion). Accordingly, there is clear and convincing proof of Scott's non-compliance with these subpoenas.

*Third*, Scott has not made any diligent attempts to bring himself into compliance with these subpoenas. In fact, Scott neither complied with the subpoenas, nor made any attempts to comply with the subpoenas by, for instance, contacting Plaintiff's counsel's office to reschedule the deposition or to request an adjournment. Moreover, Scott has not sought to quash the subpoena or file a response to this motion for contempt. Accordingly, the third element for a finding of contempt has been satisfied. *See Roytlender v. D. Malek Realty, LLC*, No. 21-CV-00052 (MKB) (JMW), 2023 W: 8473360, at *2 (E.D.N.Y. Mar. 24, 2023) (noting the third prong of civil contempt was established where the non-party had not contacted Defendant's counsel's office to reschedule the deposition or otherwise move to quash the subpoena.), *report and recommendation adopted*, 2023 WL 7986058 (E.D.N.Y. Nov. 17, 2023); *see also King v. LM Ins. Co.*, No. 20-CV-1426-JLS, 2024 WL 4989222, at *4 (W.D.N.Y. Dec. 5, 2024) (holding the non-party in contempt where, among other reasons, she made no effort to comply with the subpoena, never communicated with defendant to reschedule the deposition, and "failed to move to quash the subpoena or oppose Defendant's motion.").

Therefore, this Court finds that Scott should be held in contempt for his failure to comply with the subpoenas commanding his appearance at the aforementioned depositions.

### iii. *Should this Court Issue a Warrant to the United States Marshal Service to Bring Scott to Court Until He Has Given His Testimony?*

Pursuant to 18 U.S.C. § 401(3), a court is empowered to enforce compliance with its orders through civil contempt. *Leser v. U.S. Bank N.A.*, No. 09-CV-2362, 2012 WL 580489, at *1, n.1 (E.D.N.Y. Feb. 21, 2012). Specifically, "[a] court of the United States shall have power to

punish by fine or imprisonment, or both, at its discretion, such contempt of its authority, and none other, as . . . (3) disobedience or resistance to its lawful writ, process, order, rule, decree, or command." 18 U.S.C. § 401. In fact, "the judicial power to hold a non-party who has failed to obey a valid subpoena in contempt is the primary mechanism by which a court can enforce a subpoena." *Beare v. Millington*, No. 07-CV-3391 (ERK) (MDG), 2010 WL 234771, at *3 (E.D.N.Y. Jan. 13, 2010); *see Mauro v. Countrywide Home Loans, Inc.*, No. CV 07-1268 (JFB) (WDW), 2009 WL 3463570, at *3 (E.D.N.Y. Oct. 21, 2009) (noting the goal of civil contempt is to coerce the disobedient non-party to comply with the subpoena).

  Although courts may issue a warrant to bring a party to court for its non-compliance with a subpoena, courts typically do so only where there is a finding of contempt, a subsequent period for the disobedient party to comply with the subpoena again, and a warning that a continued failure would result in a warrant being issued. *Freund v. Weinstein*, No. 08cv1469 (FB) (MDG), 2009 WL 4065585, at *1 (E.D.N.Y. Nov. 23, 2009) ("A subpoenaed person found to be in contempt could be subject to sanctions, including imposition of a fine, attorneys fees and costs. If the failure to comply continues, the Court could issue a warrant of arrest."); *see also Ametek, Inc. v. North Shore Int'l Inc.*, No. 16-cv-2258 (SJF) (ARL), 2017 WL 3172821, at *3 (E.D.N.Y. July 26, 2017) (concluding the non-party was held in civil contempt, yet the non-party's failure to comply with the subpoena within a briefly extended timeframe "may result in a bench warrant being issued directing United States Marshals Service to arrest and hold [the non-party] so that he might appear" before the court); *see Mauro*, 2009 WL 3463570, at *3 (determining that if the non-party continued failing to appear for depositions pursuant to valid subpoenas, the court would find the non-party in contempt, impose sanctions, and then "issue a warrant of arrest for failure to comply with a court order" if the failure to comply continued).

For example, in *Golden Unicorn Enterprises, Inc. v. Audible*, the court held a non-party in contempt because she was served with a deposition subpoena yet failed to testify. 2022 U.S. Dist. LEXIS 232731, at *2 (S.D.N.Y. Dec. 28, 2022). The court concluded, however, that despite this contempt, she should be given one more opportunity to sit for a deposition and that "if she does not contact Plaintiff's counsel and sit for a deposition" by a set date, financial penalties would be implemented. *Id.* at *3. Notably, if the non-party continued her noncompliance with this subpoena, "the Court [would] consider . . . issuing an arrest warrant and ordering [the non-party] detained until she complie[d]." *Id.* at *4.

Similarly, in *Rodriguez v. New Generation Hardware Store Corp.*, the court, after finding the noncompliant party in civil contempt where the non-party failed to respond to multiple subpoenas over the span of several months, including disobeying a court order to respond to an information subpoena. No. 22-cv-4422 (LJL), 2024 WL 1406953, at *1 (S.D.N.Y. Apr. 2, 2024). As such, the court held that it would not issue, nor would it consider issuing, a warrant for the non-party's arrest. *Id.* at *2. The court noted, however, that plaintiff would be allowed to renew its request for "a warrant for the arrest of [the non-party] for the purpose of bringing him to future court hearings" if he continued to fail to comply with the previously issued subpoenas within a newly prescribed deadline. *Id.*

In accordance with these principles, the undersigned believes that issuing a warrant for Scott's arrest to bring him before the Court is not appropriate at this juncture. However, if Scott fails to appear for the next deposition, which shall be held on March 20, 2025 at 10:00AM at the United States District Courthouse, Eastern District of New York, 100 Federal Plaza, Courtroom 1020, Central Islip, New York, the Court will begin imposing daily sanctions of $500 payable to the Clerk of Court for each weekday Scott continues his non-compliance, effective March 21,

10

2025, if Scott fails to appear for this deposition. *See e.g., Rodriguez*, 2024 WL 1406953, at *2 (finding daily sanctions of $500 "not greater than necessary to compel compliance" where defendant has been in non-compliance for several months and an order of contempt has been imposed upon him); *Leser v. U.S. Bank Nat. Ass'n*, No. 09-CV-02362 (KAM) (ALC), 2011 WL 1004708, at *11-12 (E.D.N.Y. Mar. 18, 2011) (imposing sanctions against non-party for $500 per day considering the non-party was warned that his failure to comply with subpoenas may result in sanctions, the non-party never appeared for prior depositions despite being properly served with subpoenas, and the non-party failed to appear at the Show Cause Hearing). Indeed, Scott's failure to pay these sanctions may result in a warrant being issued for Scott's arrest. *See Rodriguez*, 2024 WL 1406953, at *2 (holding defendant's continued non-compliance following the accrual of monetary sanctions justified plaintiff renewing its request that a warrant be issued for the defendant's arrest to bring him to court).

### III.   CONCLUSION

For the reasons stated herein, the undersigned **GRANTS** Plaintiff's motion finding Scott in contempt (ECF No. 42) but **DENIES** Plaintiff's request that this Court issue a warrant to the United States Marshal Service to arrest Scott. **Accordingly, Scott is directed to appear for an in-person deposition on March 20, 2025 at 10:00AM at the United States District Courthouse, Eastern District of New York, 100 Federal Plaza, Courtroom 1020, Central Islip, New York. Scott is hereby forewarned that failure to obey this Order and appear for this in-person deposition will result in daily sanctions being imposed in the form of $500 each weekday he is non-compliant with this Court's Order beginning March 21, 2025.** Failure to comply with these sanctions will be deemed additional noncompliance in furtherance of this Court's finding of civil contempt and at that time the Court would consider a renewed

application for arrest. **Plaintiff is directed to serve through a licensed process server to personally deliver a copy of this Memorandum and Order and Order entered today upon Scott. Plaintiff shall file an affidavit of service on ECF on or before March 14, 2025.**

Dated: Central Islip, New York
       February 27, 2025

                                                  S O   O R D E R E D:

                                          /S/ *James M. Wicks*
                                             JAMES M. WICKS
                                       United States Magistrate Judge